504 A.2d 984

Frank A. Woloszyn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 20, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*James Bukac,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, February 14, 1986:

Frank A. Woloszyn (petitioner) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision that he was ineligible for benefits.

The Board found that, during the base year relevant to the petitioner's application, he had a total of twelve credit weeks, less than the minimum eighteen credit weeks necessary to establish financial eligibility pursuant to Section 404(c) of the Unemployment Compensation Law (Law), 43 P.S. §804(c).[1] The petitioner did not receive credit for thirty weeks during which he worked for Pennsylvania Green Thumb, Inc. (Green Thumb) such denial being based on the conclusion that such work constituted participation in a federally assisted work relief or work training program.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(c). A "credit week" is a calendar week in which an individual was paid in employment, as defined by the Law, wages of at least fifty dollars. Section 4 (g.1) of the Law, 43 P.S. §753 (g.1). The pertinent provisions of the Law exclude from "employment" participation in an unemployment work relief or work training program wholly or partly financed or assisted by a federal or state agency or any political subdivision thereof. Section 4(1) (4) (8) (e) of the Law, 43 P.S. §753(1) (4) (8) (e).

The petitioner does not challenge Green Thumb's status as a program funded under federal auspices, but he contends here that the Board capriciously disregarded his testimony that his employment at Green Thumb did not constitute participation in a work training program.

Our review of the record reveals that, as part of his application for benefits, the petitioner stated that Green Thumb is a program hiring persons over 55 years old in order to keep them off of relief. However, inasmuch as participation in either a work relief *or* a work training program may not yield wages for purposes of assessing financial eligibility, Section 4(1)(4)(8)(e) of the Law, 43 P.S. §753(1)(4)(8)(e), we do not believe that the petitioner's testimony was capriciously disregarded.

We must also disagree with the petitioner's contention that the referee failed to properly assist him in eliciting testimony concerning his "promotion" or his duties with Green Thumb. The Board, however, found that the petitioner worked as a foreman for Green Thumb at $3.85 per hour, above the minimum wage, and further information as to the date of his "promotion" or as to the nature of his duties would be irrelevant to the determination of his eligibility for benefits here.

Last, we find no merit to the petitioner's bare assertion that the classifications created by Section 4 (1)(8)(e) of the Law are unconstitutionally overbroad as applied to claimants in his position.

We will, therefore, affirm the order of the Unemployment Compensation Board of Review.

### Order

And Now, this 14th day of February, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge Colins dissents.